{¶ 17} I fully concur in the majority's finding that once the State has labeled property as contraband, Ohio's statutory scheme does not permit a pretrial motion for release of that property. However, I disagree with the majority's conclusion that the State has labeled the money at issue herein as contraband. Accordingly, I respectfully dissent.
 {¶ 18} There is nothing in the record before this Court to support a conclusion that the entire sum of seized money, $46,486, was labeled as contraband by the State. In fact, the State conceded at the hearing below that it was likely that the entire sum was not contraband. Accordingly, I find no error in the trial court's decision to hold a hearing and I would review the results of that hearing as set forth below.
 {¶ 19} "Generally, at a suppression hearing, the state bears the burden of proving that a * * * seizure meets Fourth Amendment standards of reasonableness." Maumee v. Weisner (1999),87 Ohio St.3d 295, 297. Specifically, in the context of forfeiture proceedings, this Court has held that "the state bears the burden to prove seized property is contraband by a preponderance of the evidence." State v. Westmoreland (Feb. 3, 1993), 9th Dist. No. 15716, at *2. As I believe Appellant's motion for release of property is sufficiently analogous (and governed by the same statute as forfeiture), I would apply the same burden herein.
 {¶ 20} In the instant matter, the State acknowledged that it could not prove that the entire sum, $46,486, was contraband. At the hearing below, the State noted as follows:
"These funds are no doubt intermingled with other funds that may have been from his auctioneer business, may have been from the bar business."
Accordingly, the trial court was left with the State's unequivocal position that at least a portion of the $46,486 was not necessary evidence in the State's case.
 {¶ 21} Thereafter, the trial court attempted to reasonably calculate the amount of funds that were attributable to Appellant's gambling operation. I find nothing unreasonable or arbitrary about the trial court's conclusion. To the contrary, the trial court's ruling viewed the limited evidence presented in a light highly favorable to the State.
 {¶ 22} In its ruling, the trial court ordered that $15,000 be retained pending Appellant's prosecution. The trial court calculated that, at best, the State may prove that Appellant profited $500 a night for 30 nights. Given the evidence introduced by the parties, such an estimate is generous to the State.
 {¶ 23} The State candidly admitted that it could not prove the exact amount that Appellant gained from his gambling operation. Certain facts, however, were introduced at the hearing which support the trial court's calculation. The trial court heard evidence that Timmy's maximum capacity under law was 50 patrons. Additionally, the trial court heard evidence that Appellant was selling $1 pull-off tabs and disposing of the tabs shortly after they were sold. Additionally, the trial court heard evidence that Appellant was receiving only 60% of the profits from the ticket sales.
 {¶ 24} Based upon that evidence, the trial court derived a formula to calculate the amount of profit Appellant received from the gambling operation. In so doing, the trial court did not reduce the amount by the 40% of the proceeds that Appellant gave to his co-conspirator. Further, after reaching its figure, the trial court was informed that Appellant was only under investigation for gambling for ten days, not the thirty days noted in the indictment. The trial court, however, did not reduce its calculation. As a result, the State received the benefit of a very generous calculation despite the modicum of evidence that it presented. Accordingly, I would not find that the trial acted unreasonably or arbitrarily. I would affirm.